# Staunton

## C. M. Daniel and Grace Daniel v. Bedford County Association of the Farmers Mutual Fire Insurance Company of Virginia.

September 17, 1931.

Present, Prentis, C. J., and Campbell, Epes, Hudgins and Browning, JJ.

The opinion states the case.

*Joseph C. Smith* and *Caskie, Frost & Coleman,* for the plaintiffs in error.

*Lowry & Burks,* for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

On the 19th day of April, 1929, C. M. Daniel and Grace Daniel filed the following notice of motion against Bedford County Association of the Farmers Mutual Fire Insurance Company of Virginia:

"You are hereby notified that on the 4th day of May, 1929, in the Circuit Court for the county of Bedford, between the hours of 10 A. M. and 5 P. M., or as soon thereafter as it may be heard, the undersigned will move the said court for a judgment against you in the sum of one thousand ($1,000.00) dollars, together with costs incident to this proceeding, which amount is justly due to the undersigned from you, by reason of the following facts, to-wit:

"That on December 17, 1920, you issued to the undersigned your policy of insurance, which is herewith attached to and made a part of this notice of motion, by which you contracted to insure the said undersigned against loss or damage by fire to a certain dwelling house located in Bedford county, Virginia, near Boonsboro, on Chapel Hill road.

"That thereafter, to-wit, on the 6th day of November, 1928, said dwelling house was totally destroyed by fire, causing the undersigned the aforesaid damage of $1,000.00.

"The undersigned further avers and charges that he has performed all the conditions of said policy, and violated none of its prohibitions.

"Respectfully submitted,

"C. M. DANIEL,

"GRACE DANIEL."

The facts appearing in the record may be summarized thus: In April, 1919, C. M. Daniel entered into negotiations with Charles Williams and Laura Williams, his wife, for the purchase of a tract of land situated in Bedford county; the purchase money, amounting to $62.50 was delivered to J. E. Daniel, a brother of C. M. Daniel, and on April 29, 1919, the negotiations were completed in the city of Lynchburg; for some unexplained reason, the property, instead of being conveyed to C. M. Daniel, was by Williams and wife conveyed to J. E. Daniel. Sometime subsequent to the date of purchase, C. M. Daniel erected a dwelling upon the land at a cost of $1,500.00; on December 17, 1920, C. M. Daniel applied to an agent of the defendant for a policy of fire insurance on the dwelling, and on that date a policy in the sum of $1,000.00 was issued and delivered to him; on October 17, 1924, J. E. Daniel conveyed the property to C. M. Daniel and Grace Daniel; this deed, though delivered to the grantees, was never recorded; on the 4th day of January, 1927, C. M. Daniel, acting for his brother, J. E. Daniel, applied to C. M. Roberts, of Lynchburg, Virginia, for a loan of $400.00; the loan was made by Roberts and secured by a deed of trust upon the property executed by J. E. Daniel, but C. M. Daniel was required to endorse the note executed by J. E. Daniel; the check was made payable to J. E. Daniel and by him cashed and a portion of the proceeds turned over to C. M. Daniel (as we think the record clearly shows). Some time after the latter negotiation, C. M. Daniel, who had been occupying the dwelling, moved to the city of Lynchburg; on November 6, 1928, the building was totally destroyed by fire. The Home

Insurance Company paid the amount of its policy to C. M. Roberts, trustee, who in turn cancelled the note executed by J. E. Daniel.

The defendant denied liability and defended on the grounds:

(1) "That there had been a change of interest within the meaning of the policy.

(2) "That there had been additional insurance without the consent of the association."

There was a trial by a jury which resulted in a verdict for the defendant.

Plaintiff in error complains of the action of the court in overruling the motion to set aside the verdict as contrary to the law and the evidence and in giving and refusing certain instructions.

The first ground of defense relied upon by the defendant relates to this provision of the policy: "That if at any time there shall be a change of title or ownership of the within described property, the obligations of the insured and the association shall at once cease."

It is a well recognized rule that the object of providing against a change of title is to guard against a diminution in the strength of the motive which the insured may have to be alert in the protection of his property. It is a reasonable supposition that in every contract of insurance stress is laid on the character of the insured. The contract of insurance, like any other contract, relates to the parties executing the contract.

In the case at bar the contention of plaintiffs that no change of interest in the property has occurred seems to us an anomaly, in view of the fact that though the contract of insurance was entered into between C. M. Daniel, the alleged owner of the property, and the defendant, Grace Daniel is a party plaintiff and is asserting a claim against the defendant as a one-half owner of the property, though she is not a party to the contract of insurance. That she is a

joint owner of the property is settled beyond dispute by the conveyance from J. E. Daniel to C. M. and Grace Daniel. If it be conceded that a mistake was made by Williams and wife in conveying the property to J. E. Daniel, and that C. M. Daniel was the equitable owner at the time the policy was issued to him, the fact still remains that after the contract of insurance was entered into, C. M. Daniel parted with a half interest in the property, in plain derogation of the terms of the contract of insurance.

The court instructed the jury that if they believed that from the date of issuance of the policy until the date of the fire there had been a change of interest in the property, then they should find for the defendant. No error was committed by the court in giving the instruction.

In *Western Assurance Co.* v. *Stone*, 145 Va. 776, 134 S. E. 710, 714, 48 A. L. R. 1009, Judge Burks quotes with approval the following from *Ayres* v. *Hartford Fire Insurance Co.*, 17 Iowa 176 (85 Am. Dec. 553): "Any change in, or transfer of, the interest of the insured in the property of a nature calculated to make the insured less watchful in guarding and preserving the property from destruction by fire, is in violation of the policy."

From our examination of the record we have no doubt that the jury determined the issue correctly. To permit a recovery leads to this result: For a building erected in 1920 at an approximate cost of $1,500.00 and destroyed by fire in 1928, plaintiff, or rather, plaintiff and J. E. Daniel, would receive the sum of $1,400.00. While it is unnecessary for a decision of the case to discuss the question of additional insurance, we are of opinion that the preponderance of the evidence is in favor of the contention of defendant that C. M. Daniel was cognizant of, if not the procurer of, the additional insurance.

We find no error in the judgment of the trial court and it is affirmed.

*Affirmed.*